IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA CRISTINA SURA ROMERO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-02853-O |
| | § | |
| JOSH JOHNSON et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court are Petitioner Maria Cristina Sura Romero's ("Romero") Petition for Writ of Habeas Corpus (ECF No. 1); Josh Johnson, Kristi Noem, and Pamela J. Bondi's (collectively, "Government Defendants") Response and Appendix in Support (ECF Nos. 13, 14); and Romero's Reply (ECF No. 15). After considering the briefing and applicable law, the Court **DENIES** the Petition (ECF No. 1).

### I.   BACKGROUND[1]

Romero—an illegal alien with a criminal history facing removal—seeks habeas relief to remove a monitoring device she must wear as a condition of her release from immigration custody. Romero is a native and citizen of El Salvador. She illegally entered the United States without admission or parole at some unknown date and time. The Rowlett Police Department arrested and charged Romero with Driving While Intoxicated ("DWI") and fleeing from the police. She has since pleaded guilty to the DWI charge. Following this police encounter, Immigrant and Customs Enforcement ("ICE") detained her under 8 U.S.C. § 1226(a). ICE initiated removal proceedings following an immigration judge's determination that Romero was here illegally and subject to

---

[1] Unless otherwise stated, the facts are undisputed in the pleadings and record presented.

removal. Romero requested a custody redetermination, which ICE opposed. Romero argued she should be released on bond because she had a stable home environment, was married to a United States citizen, and was "willing to wear an ankle-monitoring device."[2] The immigration judge considered her request and granted her release on bond subject to Intensive Supervision Appearance Program ("ISAP") GPS ankle-monitoring. ICE appealed her release, and that appeal remains pending.

Romero filed this Petition for Habeas Corpus on October 20, 2025, asking the Court to grant the petition and remove the ankle monitor she now finds unreasonable, or in the alternative, "injunctive relief directing an individualized reassessment."[3] The Petition is ripe for the Court's review.

## II.     ANALYSIS

In Count One, Romero claims that the imposition of the ankle monitor is "an excessive civil restraint" violating her Fifth Amendment Due Process rights and, in Count Two, she claims the ankle monitor is ultra vires because "under § 1226(a) and 8 C.F.R. § 236.1, ICE must make individualized, reasonable custody decisions and consider less restrictive alternatives."[4] Her claims are meritless and frivolous.

Romero has had her due process rights satisfied, and her custody determination complies with the law and therefore is not ultra vires. "Procedural due process requires notice and an opportunity to be heard." *Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 388 (5th Cir. 2008). Romero's evidence (attached to her petition) shows she requested release on bond, explained why release was proper, and suggested an ankle monitor would alleviate any flight concerns. ICE

---

[2] Petition, Ex. 4 at 34, ECF No. 1–3.
[3] Petition ¶ 47, ECF No. 1.
[4] Reply 4, ECF No. 15.

opposed release, but an immigration judge considered her arguments, and decided to release her subject to a monitoring condition—a condition that Romero initially suggested might be reasonable. ICE has appealed that decision.[5]

Because "an alien's detention during removal proceedings is constitutionally permissible," any restrictions on release only need to have a rational basis related to legitimate government concerns. *United States v. Gomez-Lira*, 75 F. App'x 979, 979 (5th Cir. 2003) (citing *Demore v. Kim*, 38 U.S. 510 (2003); *see also Zadvydas v. Davis*, 533 U.S. 678, 695–96 (2001); *Reno v. Flores*, 507 U.S. 292, 305–06 (1993); *see also Ahmed v. Tate*, No. 4:19-CV-4889, 2020 WL 3402856, at *4 (S.D. Tex. June 19, 2020) (citing 8 U.S.C. §§ 1253(a)(3), 1253(b)) ("Without question, ICE has the authority to place aliens, such as [Romero], on supervision and to seek criminal penalties for the failure to comply with these restrictions."). Accordingly, any assertion that monitoring conditions standing alone violate the Due Process Clause fails.

Next, as applied to Romero, the restriction she complains of—an ankle-monitoring device—is rationally related to legitimate government concerns given her illegal immigration status and her criminal history. "Preventing and/or reducing absconding aliens and aliens with criminal records or propensities are two legitimate government interests. These interests are furthered by ISAP." *Ahmed*, 2020 WL 3402856, at *4 (collecting cases holding that ISAP placement does not violate due process of individuals subject to removal). Romero is an illegal alien with a criminal record. The release of an illegal alien with a criminal record on bond with an ankle monitor is reasonably related to legitimate government concerns.

In short, Romero's evidence shows that ICE detained her, she requested release on bond and suggested an ankle monitor would alleviate any concerns about risk of flight, and the

---

[5] It appears Romero waived her right to appeal the immigration judge's determination. *See* ECF No. 14, App. 002-003.

immigration judge agreed with her. This process, and the immigration judge's decision, satisfied any due process rights Romero has, and complied with the statutory obligations of § 1226(a) and 8 C.F.R. § 236.1.[6] While she now disagrees with the monitoring condition, she has not shown that she has been deprived of any process or has been subjected to ultra vires acts.[7]

Notwithstanding the baseless nature of her claims, habeas requires proper exhaustion of the administrative process, *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), and "[i]t is settled that habeas corpus is not to be used as a substitute for appeal." *Stewart v. Dunn*, 363 F.2d 591, 597 (5th Cir. 1966); *accord. Bousley v. United States*, 523 U.S. 614, 621 (1998).[8] Romero has asked the immigration judge to revisit the terms of her supervised release,[9] and it is clear she can appeal any denial of that request within the agency. This case appears to simply be an appeal of the immigration judge's custody determination, which is an improper use of habeas corpus. *Stewart*, 363 F.2d at 597.

### III.   CONCLUSION

Romero's complaint, and the factual information underlying it, defy any good faith claim that her due process rights have been violated, or that the immigration judge did not conduct an individualized assessment of her request. Instead, it appears she is using this habeas corpus proceeding as a vehicle to appeal the immigration judge's custody determination. Accordingly, she and her counsel are directed to show cause why they should not be sanctioned for filing a baseless petition. The response is due no later than **January 9, 2026**.

---

[6] Due process does not require employment of the least restrictive means, only that the government have a rational basis related to a legitimate government concern. *Zavala v. Prendos*, 2010 WL 4454055 *2 (N.D. Tex. October 5, 2010).
[7] Additionally, Romero can have her ankle-monitor taken off at any time: all she needs to do is self-deport.
[8] ICE does not raise exhaustion in its opposition to the petition.
[9] Petition, Ex. 5 at 42–50, ECF No. 1.

The Court **DENIES** the Petition.[10]

**SO ORDERED** on this **December 22, 2025.**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[10] Because the Petition fails, the Court need not, and does not, decide whether Romero is in custody for habeas purposes.